IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 119,359

STATE OF KANSAS,
*Appellee*,

v.

BILLY J. HILL,
*Appellant*.

SYLLABUS BY THE COURT

1.

An appellate court generally reviews the denial of a postsentence motion to withdraw a plea for an abuse of discretion.

2.

The one-year statute of limitations for moving to withdraw a plea in K.S.A. 2019 Supp. 22-3210(e)(1) begins to run for preexisting claims on the date the amended statute became effective, April 16, 2009. A motion filed after the statute of limitations has expired may be granted only if the movant establishes excusable neglect.

3.

Pro se pleadings are liberally construed to give effect to the pleading's content rather than the labels and forms used. Whether the district court correctly construed a pro se pleading is a question of law subject to unlimited review.

Appeal from Osage District Court; DOUGLAS P. WITTEMAN, judge. Opinion filed July 17, 2020. Affirmed.

*Kristen B. Patty,* of Wichita, was on the brief for appellant.

*Jack J. Hobbs,* county attorney, and *Derek Schmidt,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

WARD, J.: Billy J. Hill takes this direct appeal from a district court order denying his postsentence motion to set aside his conviction and sentence.

BRIEF HISTORY OF THE CASE

*Plea and Sentencing*

On February 4, 2000, just shy of one month before his scheduled jury trial, Hill entered no contest pleas to a variety of person, nonperson, and drug crimes, the most serious of which was premeditated first-degree murder. He was represented by two attorneys from the public defender's office. The 15-page acknowledgment of rights and plea agreement form signed by Hill and all counsel was extremely detailed and comprehensive. It provided that in exchange for Hill's no contest pleas the State would recommend concurrent sentences for all counts, dismiss similar charges pending against Hill's daughter, recommend dismissal of Hill's pending federal case, and forego any further state criminal charges against Hill in connection with the subject incident.

At the plea hearing the trial judge went over the plea agreement in detail with Hill and advised Hill that the penalties for several of the offenses were less than indicated in the plea agreement because the law had changed since Hill committed his offenses in 1998. Following allocution, the trial judge accepted the no contest pleas and found Hill guilty as charged on all counts. An amended plea agreement was later filed.

At time of sentencing in March 2000, the judge imposed prison sentences that were consistent with or less than the penalties recommended by the parties in the amended plea agreement. The district court imposed a hard 25 life sentence for the first-degree murder charge, the mid-range guidelines sentence for all remaining counts, and ran each sentence concurrent. Hill did not file a direct appeal.

*K.S.A. 60-1507 Motion*

In June 2004 Hill, with the assistance of counsel, filed a motion pursuant to K.S.A. 60-1507 asking that his four-year-old convictions be vacated and that a jury trial be conducted. He claimed that his trial attorneys were ineffective by waiving his right to a speedy trial; that the factual basis supporting his first-degree murder plea was insufficient; that his pleas were involuntary because of threats to prosecute his daughter; and that his sentence was illegal. An evidentiary hearing was conducted. Hill, his daughter, and trial counsel all testified. The judge addressed each of Hill's arguments and concluded that no relief was warranted. Hill appealed the denial of his motion.

In an unpublished decision, the Court of Appeals affirmed the trial court on two of the four issues raised. The panel found that Hill's trial attorneys were not ineffective with respect to their handling of the speedy trial issue and found that Hill's first-degree murder plea was supported by a sufficient factual basis. The panel, then, concluded that Hill had abandoned the other two issues for lack of briefing, citing *State v. Holmes*, 278 Kan. 603, 622, 102 P.3d 406 (2004). Hill filed a pro se petition for review which this court denied. *Hill v. State*, No. 94,274, 2006 WL 2043023 (Kan. App.) (unpublished opinion), *rev. denied* 282 Kan. 789 (2006).

3

*Motion to Withdraw Plea*

In January 2008, Hill filed a motion to withdraw his then eight-year-old no contest pleas. He claimed manifest injustice based on a conflict with his trial counsel regarding the waiving of speedy trial prior to entering his pleas. K.S.A. 2019 Supp. 22-3210(d). The trial court summarily denied the motion, concluding that the issue raised had been decided in the first appeal. The trial judge stated:  "The defendant has previously raised these same facts and issues. The fact that he has couched them in a motion to set aside plea as opposed to a 60-1507 motion does not prevent their summary dismissal."

The Court of Appeals affirmed the denial, concluding that Hill's motion was simply a re-argument of the same issues decided against him two years earlier. The panel found the 2008 motion to be a second or successive motion under K.S.A. 60-1507 and that no exceptional circumstances had been shown to warrant its reconsideration. *State v. Hill*, No. 100,659, 2009 WL 1591696 (Kan. App. 2009) (unpublished opinion). This court denied review.

*Additional Posttrial Motions*

In 2014 and 2015 Hill filed several additional motions, including a new motion to withdraw his pleas and a motion to correct his illegal sentences. These motions were each addressed by the trial court and resolved. An appeal was taken from the trial court's ruling on one of these motions, but that appeal was later voluntarily dismissed by Hill.

*Present Motion*

In February 2017, Hill filed the pro se motion which is the subject of this appeal. He styled it a "Motion to Set Aside a Void Judgment Under Due Process of Law and K.S.A. 22-3210." The trial court appointed counsel, both parties filed briefs, and oral

4

arguments were heard on October 12, 2017. No evidence was presented. The trial judge construed Hill's motion as one to withdraw his plea under K.S.A. 2017 Supp. 22-3210. Both Hill and his counsel objected to that characterization, arguing that Hill's motion instead challenged the validity of his underlying conviction.

On December 12, 2017, the trial judge filed a written ruling in which he set out a brief history of Hill's litigation and denied Hill's motion as untimely under K.S.A. 2017 Supp. 22-3210(e)(1). The trial judge went on to address the merits of Hill's motion, finding no manifest injustice supporting the withdrawal of his pleas. The court further found that any problems in the initial plea agreement form (misstatement of certain penalties) were clarified by the trial judge during the plea hearing and were reflected in the amended written plea agreement form. The trial judge, citing *State v. Edgar*, 281 Kan. 30, 127 P.3d 986 (2006), found that Hill was represented by competent counsel, that there was no coercion or unfair advantage taken of Hill, and that his pleas were knowingly and understandingly made.

Hill appeals the trial court's denial of his motion. His appeal is timely. And, given Hill's life sentence for the first-degree murder charge, the jurisdiction of this court is proper pursuant to K.S.A. 2019 Supp. 22-3601(b)(3). Additional facts will be discussed below as needed.

ANALYSIS

*Standard of Review*

"Pro se pleadings are liberally construed to give effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments. Whether the district court correctly construed a pro se pleading is a question of law subject to unlimited review." *State v. Parks*, 308 Kan. 39, 42, 417 P.3d 1070 (2018). And, when the

5

district court denies a motion to withdraw plea as untimely filed, such decision is reviewed under an abuse of discretion standard. *State v. Fox*, 310 Kan. 939, 943, 453 P.3d 329 (2019); *State v. Moses*, 296 Kan. 1126, 1127, 297 P.3d 1174 (2013).

*Discussion*

Hill seeks to have his now 20-year-old convictions and sentence set aside. His approach in this appeal mirrors his argument below that the trial court incorrectly analyzed his motion as one to withdraw his plea instead of analyzing it as a motion to void his convictions and sentences. He attacks the plea process in various ways, alleging six specific irregularities, namely:  (1) the trial judge failed to inform him of the applicable sentencing range for each crime;  (2) the trial judge failed to inform him of the maximum penalties for each offense as well as the rights he was giving up by pleading no contest; (3) the trial judge failed to ensure that the State provided a factual basis for each no contest plea; (4) the trial judge failed to inform him of the true nature of the charges against him; (5) the trial judge erred in not requiring the State to specify the statutory subsections of the various charges filed against him; and (6) the trial judge failed to hold a competency hearing prior to accepting Hill's pleas.

Hill contends that these problems amounted to a denial of due process and that the trial judge accordingly acted without subject matter jurisdiction. He cites this court to a variety of both civil and criminal appellate cases in an effort to support his subject matter jurisdiction argument. Although Hill casts this latest motion and current appeal as an attempt to void the judgments entered against him in this case, we conclude the trial judge correctly construed Hill's various arguments as another effort to withdraw his pleas in this case. Accordingly, Hill must satisfy the provisions of K.S.A. 2019 Supp.  22-3210, the Kansas statute governing criminal pleas, before we will consider his arguments.

6

This statute sets out the steps and requirements for entry and acceptance of a guilty or no contest plea. K.S.A. 2019 Supp. 22-3210(a), (b). It also discusses how and when criminal pleas may be withdrawn. For good cause shown, the trial court has the discretion to allow a defendant to withdraw a guilty or no contest plea prior to sentencing. K.S.A. 2019 Supp. 22-3210(d)(1). After sentencing the trial court may allow a plea to be withdrawn and set aside the conviction in order "[t]o correct manifest injustice." K.S.A. 2019 Supp. 22-3210(d)(2). Any postsentencing motion to withdraw plea must be brought within one year of the termination of direct appeal jurisdiction. K.S.A. 2019 Supp. 22-3210(e)(1). This time limitation may be extended by the court only upon "an additional, affirmative showing of excusable neglect by the defendant." K.S.A. 2019 Supp. 22-3210(e)(2).

The grounds for relief which Hill asserts in his brief to this court generally fall under K.S.A. 2019 Supp. 22-3210, which requires that the trial judge:  (1) inform a defendant of the ranges of penalties including the maximum penalties; (2) inform a defendant of the fundamental constitutional rights waived when entering a criminal plea; (3) establish a factual basis for the elements of all offenses; and (4) ensure the pleas are entered knowingly and voluntarily and with an understanding of the nature of the charges. See *State v. Johnson,* 307 Kan. 436, 445-46, 410 P.3d 913 (2018); *State v. Ebaben*, 294 Kan. 807, 812, 281 P.3d 129 (2012); *Edgar*, 281 Kan. at 36-37; *State v. Moses*, 280 Kan. 939, 946, 127 P.3d 330 (2006).

The only issue raised by Hill in his brief which is arguably outside the purview of K.S.A. 2019 Supp. 22-3210 is the alleged failure of the trial judge to assure his competency prior to accepting his pleas. And, this issue is one that must be raised as part of a motion filed pursuant to K.S.A. 60-1507. *State v. Ford*, 302 Kan. 455, 467, 353 P.3d 1143 (2015).

7

The right to appeal is not constitutional, and appellate courts generally exercise jurisdiction only where an appeal conforms to applicable statutes. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). The present motion is not one under K.S.A. 60-1507. The trial judge correctly viewed it as one governed by K.S.A. 2019 Supp. 22-3210. Accordingly, the one-year statute of limitations under K.S.A. 2019 Supp. 22-3210(e)(1) is at play.

This time limitation was added to the statute in 2009. For claims that predate the 2009 amendment, the time limitation began to run on the effective date of the statute, April 16, 2009. Thus, Hill must have filed his current motion on or before April 16, 2010. He did not do so until February 16, 2017, well beyond this deadline. *State v. Szczygiel*, 294 Kan. 642, 644, 279 P.3d 700 (2012); *Moses*, 296 Kan. at 1128.

K.S.A 2019 Supp. 22-3210(e)(2) allows this limitation to be extended by the trial court, but only upon an affirmative showing of excusable neglect by the defendant. We have said that excusable neglect resists clear definition and must be determined on a case by case basis. *Tyler v. Cowen Construction, Inc*., 216 Kan. 401, 406, 532 P.2d 1276 (1975); see also *Fox*, 310 Kan. at 940 (record belied defendant's claims of being unable to access Kansas legal materials due to out-of-state incarceration and therefore defendant failed to establish excusable neglect). However, before we begin to determine whether excusable neglect justifies an untimely filing, K.S.A. 2019 Supp. 22-3210(e)(2) places the burden on the defendant to at least make an effort to show that it exists. Here, the defendant does not argue or attempt to show excusable neglect. As such, Hill has not shown any legal basis on which to support an extension of the one-year limitation. *Parks*, 308 Kan. at 44.

CONCLUSION

Hill's present motion was correctly analyzed by the trial court as a motion to withdraw plea under K.S.A. 2019 Supp. 22-3210. It was filed by Hill almost seven years out-of-time. No grounds of excusable neglect are asserted by Hill or otherwise demonstrated. Hill's motion is procedurally barred. The decision of the trial court denying the same is affirmed.

MICHAEL E. WARD, Senior Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:**  Senior Judge Ward was appointed to hear case No. 119,359 under the authority vested in the Supreme Court by K.S.A. 20-2616 to fill the vacancy on the court by the retirement of Chief Justice Lawton R. Nuss.