NOT DESIGNATED FOR PUBLICATION

Nos. 121,630
121,631

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

OWEN K. LINGENFELTER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed September 18, 2020. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., WARNER, J., and BURGESS, S.J.


PER CURIAM: In the consolidated case, Owen K. Lingenfelter—an inmate in the custody of the Kansas Department of Corrections—appeals the district court's summary dismissal of his motions to withdraw his pleas in two cases. Relevant to this appeal, Lingenfelter pled no contest to indecent liberties with a child in 1987 and pled no contest to attempted robbery in 2000. On appeal, Lingenfelter contends that the district court erred in finding that his motions were untimely filed and successive. We conclude that

1

the district court did not err in summarily dismissing Lingenfelter's motions. Thus, we affirm.

FACTS

On August 24, 1987, Lingenfelter pled no contest to indecent liberties with a child in Sedgwick County Case No. 87 CR 952. As a result, he was sentenced to a three-to-ten-year term of imprisonment. After being released from prison in that case, Lingenfelter pled no contest to attempted robbery on August 23, 2000, in Sedgwick County Case No. 99 CR 2926. He was sentenced to 31 months in prison. After completing his sentence, a jury convicted Lingenfelter of raping his 16-year-old niece in 2005. In that case—which is not at issue in this appeal—he was sentenced to 620 months in prison. *State v. Lingenfelter*, No. 95,892, 2007 WL 1309610 (Kan. App. 2007) (unpublished opinion) (affirming Lingenfelter's conviction and sentence).

On December 21, 2009, Lingenfelter filed a motion to withdraw his plea in case No. 99 CR 2926. The district court summarily denied the motion and Lingenfelter did not appeal. Less than a month later, on January 7, 2010, Lingenfelter filed a motion to withdraw his plea in case No. 87 CR 952. The district court summarily dismissed the motion, and a panel of this court affirmed. *State v. Lingenfelter*, No. 105,112, 2011 WL 6943082 (Kan. App. 2011) (unpublished opinion).

In July 2018, Lingenfelter filed renewed pro se motions to withdraw both his 1987 and 2000 pleas. In his motions, Lingenfelter raised identical arguments. On October 1, 2018, the district court summarily denied Lingenfelter's renewed motions to withdraw his pleas. In doing so, the district court found the motions to be untimely and successive. Specifically, the district court concluded:

2

"Upon review of [Defendant's] motion, the state's response & judicial notice of the court file, [Defendant's] motion is denied. First, [Defendant's] motion is time barred pursuant to KSA 22-3210(e)(1) which requires motions to [withdraw] pleas be filed w/in 1 year of final order. Second, this matter was already litigated in [Defendant's] first motion to [withdraw] plea. The successive motion is res judicata & an abuse of remedy to litigate again."

Thereafter, Lingenfelter filed a timely notice of appeal.

ANALYSIS

Lingenfelter seeks to have his 33-year-old and 20-year-old convictions set aside. On appeal, he contends that the district court abused its discretion in summarily denying his motions to withdraw pleas that he entered in 1987 and 2000. However, like the district court, we find that Lingenfelter's motions were untimely filed. Moreover, we find that he has failed to show excusable neglect for the belated filings.

After sentencing, a district court may allow a movant to withdraw his or her plea in order "[t]o correct manifest injustice." K.S.A. 2019 Supp. 22-3210(d)(2). Usually, a postsentence motion to withdraw plea must be brought within one year of the termination of direct appeal jurisdiction. K.S.A. 2019 Supp. 22-3210(e)(1). This time limitation became effective on April 16, 2009. In cases in which the pleas were entered prior to that date, a movant had to file his or her motion "on or before April 16, 2010." *State v. Hill*, 311 Kan. ___, 467 P.3d 473, 476 (2020). However, Lingenfelter did not file his motions until July 2018.

The statutory time limitation may be extended by the district court only upon an "affirmative showing of excusable neglect by the defendant." K.S.A. 2019 Supp. 22-3210(e)(2). The Kansas Supreme Court has held that excusable neglect must be decided on a case by case basis. *Hill*, 467 P.3d at 476-77 (citing *Tyler v. Cowen Construction,*

3

*Inc.*, 216 Kan. 401, 406, 532 P.2d 1276 [1975]) and *State v. Fox*, 310 Kan. 939, 940, 453 P.3d 329 [2019]). Still, "K.S.A. 2019 Supp. 22-3210(e)(2) places the burden on the defendant to at least make an effort to show that it exists." *Hill*, 467 P.3d at 477.

In his brief, Lingenfelter candidly admits that he did not attempt to make a showing of excusable neglect in either of his motions to withdraw his pleas. In particular, he fails to explain why he waited more than eight years after the deadline expired to file his motions. Where a defendant makes no attempt at an affirmative showing of excusable neglect, we will find the motion untimely and procedurally barred. See *State v. Williams*, 303 Kan. 605, 607-08, 366 P.3d 1101 (2016).

Lingenfelter has the burden to provide an explanation for his delay in the filing of his motions that is sufficient to establish excusable neglect for failing to file his motions in a timely manner. See *State v. Kingsley*, 299 Kan. 896, 900, 326 P.3d 1083 (2014). Even if we were to accept his substantive assertions to be true, they do not explain why he waited so long to file his motions. In other words, Lingenfelter has not shown any factual or legal basis to support an extension of the one-year limitation. See *State v. Parks*, 308 Kan. 39, 44, 417 P.3d 1070 (2018).

In summary, we conclude that Lingenfelter filed his motions to withdraw pleas more than eight years out-of-time. Furthermore, Lingenfelter has failed to meet his burden to establish excusable neglect to justify his belated filings. Because we agree with the district court's finding that the motions were untimely filed, we do not address whether the district court also correctly denied them as successive. We, therefore, affirm the district court's summary denial of Lingenfelter's motions to withdraw his pleas in the 1987 and 2000 cases.

Affirmed.

4