NOT DESIGNATED FOR PUBLICATION

No. 122,975

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CEDRIC YWAIN PETERSON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Geary District Court; BENJAMIN J. SEXTON, judge. Opinion filed September 10, 2021. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Jason B. Oxford*, assistant county attorney, *Krista Blaisdell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., GARDNER and CLINE, JJ.

PER CURIAM: Cedric Ywain Peterson—who was convicted of first-degree premeditated murder in 2007—appeals from the district court's summary dismissal of his most recent post-conviction motion asserting that his trial counsel was ineffective. Peterson's current motion is labeled as a motion to withdraw plea or in the alternative as a K.S.A. 60-1507 motion. On appeal, Peterson contends that the district court erred in concluding that his current motion was untimely and successive. Based on our review of the record on appeal, we find Peterson's arguments to be unpersuasive and we find no reversible error. Thus, we affirm the district court's summary denial of Peterson's motion.

1

In 2007, Peterson was charged with one count of aggravated burglary, one count of premeditated first-degree murder, and one alternative count of first-degree felony murder. Pursuant to a plea agreement, Peterson pled no contest to premeditated first-degree murder and received a sentence of 25-years to life in prison. By entering into the plea agreement with the State, the aggravated burglary count was dismissed and Peterson was able to avoid the imposition of a hard 50 sentence. See *Peterson v. State*, No. 108,332, 2013 WL 3970189, *1 (Kan. App. 2013) (unpublished decision).

Following sentencing, Peterson filed a direct appeal. However, he ultimately chose to voluntarily dismiss the appeal and a mandate was issued on September 3, 2008. A few months later, Peterson filed his first postsentence motion to withdrawal plea. Subsequently, Peterson filed a second postsentence motion to withdraw plea that was identical to his first motion. In both motions, Peterson argued—among other things—that his trial counsel was ineffective.

On the same day that Peterson filed his second postsentence motion to withdraw his plea, he also filed a K.S.A. 60-1507 motion. Similar to his motions to withdraw his plea, Peterson alleged in his K.S.A. 60-1507 motion that his legal counsel was ineffective. In addition, Peterson claimed that he did not understand his plea. On May 13, 2010, the district court denied Peterson's K.S.A. 60-1507 motion as untimely. On appeal, a panel of this court remanded the K.S.A. 60-1507 motion to the district court. *Peterson*, 2013 WL 3970189, *1, 3-4. However, we cannot determine the final disposition of that K.S.A. 60-1507 motion based on the record provided to us.

On June 17, 2010, the district court held an evidentiary hearing to determine whether Peterson should be allowed to withdraw his plea. At the hearing, Peterson testified on his own behalf and claimed that he did not understand the minimum sentence

that he could receive when he entered his plea. Specifically, Peterson claimed that he did not realize he would not be eligible for parole for at least 25 years. In addition, Peterson claimed that his trial counsel failed to discuss the possibility of an intoxication defense with him prior to him entering his plea.

In response, the State called Peterson's trial counsel—JoAn Hamilton-Lindfors—as a witness. Contrary to Peterson's assertions, Hamilton-Lindfors testified that she discussed the terms and conditions of the plea agreement with her client in detail. She further testified that she explained to Peterson the maximum possible prison term as well as the length of time before parole eligibility if the plea was accepted by the district court. In addition, Hamilton-Lindfors testified that she and her co-counsel considered an intoxication defense and even consulted with an expert witness prior to making the strategic decision not to present this defense.

At the conclusion of the hearing, the district court denied Peterson's postsentence motion to withdraw his plea. In doing so, the district court found:

> "[T]he Court's not able to find manifest injustice in this situation . . . pursuant to the statute. To the contrary, the defendant's allegations, as contained in his motion to withdraw the plea, have not been shown, in the record, nor by the evidence.

> "[P]aragraph 8, of the plea agreement specifically sets out life with parole eligibility in 25 years. The testimony, of counsel [was] very believable that—as to the questions of the defendant, based on her past experience with the parole board; the fact that 'Hard 50' had been noticed up, filed in the case, and was, specifically the benefit of the bargain that was involved, here.

> "The statements, at the time of the plea, that [Peterson would be] eligible in 25 years [was] taken up. Court can't find anything there that would suggest that it was not understood.

3

"The Court would note the defendant, in that plea agreement, had, also, agreed not to file any . . . appeal; had, specifically, stated that he has no claim for ineffective counsel; would note he's appealed and raised ineffective assistance of counsel, without merit.

"[N]o manifest injustice, no situation where there was any misrepresentation of the law, or any ineffective assistance of counsel, or any sort of ambiguity as to what the sentence was, and what he was looking at.

"So, the Court would find the plea was freely, voluntarily, and intelligently entered, with the understanding of the possible consequences, including the time before he was eligible for parole. And the motion to withdraw the plea of no contest is denied."

The next day, Peterson filed a notice of appeal. However, no appeal was ever docketed. Consequently, on February 14, 2012, the district court dismissed the appeal pursuant to Kansas Supreme Court Rule 5.051 (2012 Kan. Ct. R. Annot. 35).

On March 2, 2012, Peterson filed a motion to reinstate his appeal in the district court. In his motion, Peterson alleged that his appellate counsel had failed to properly docket his appeal in a timely manner. However, the district court denied Peterson's motion to reinstate his appeal. Next, Peterson unsuccessfully attempted to have the Kansas Supreme Court reinstate his appeal. Thus, the district court's decision—as announced by the district court following the evidentiary hearing in 2010—represents the final order regarding the issue of whether Peterson's trial counsel was ineffective.

Several years later, on December 15, 2016, Peterson filed the "Motion to Withdraw Plea (Pursuant to K.S.A. 22-3210) or In the Alternative Writ of Habeas Corpus (Pursuant to K.S.A. 60-1507)" that is the subject of this appeal. In his motion, Peterson repeated many of the arguments that he raised in his previous post-conviction motions. In particular, Peterson once again claimed that his trial counsel was ineffective. Moreover,

Peterson admits that the issues raised in his current motion "do mimic previous motions and or petitions" that he has filed over the years.

On March 10, 2017, the district court held a non-evidentiary hearing on Peterson's current motion. At the hearing, the district court reviewed the files and records relating to the history of the underlying case as well as to the various motions filed by Peterson after he entered his plea in 2017. Based on its review of the files and records, the district court summarily dismissed the motion as untimely and successive. The district court also found that the deadline for filing the motion should not be extended to prevent manifest injustice. Thereafter, Peterson filed a timely notice of appeal.

ANALYSIS

The sole issue presented on appeal is whether the district court erred in summarily dismissing Peterson's most recent motion without conducting an evidentiary hearing. Peterson argues that we should remand the motion to the district court in order to allow him to develop an evidentiary record. Although it appears from the record that both the State's attorney and Peterson's attorney represented to the district court at the hearing that the current motion should be treated as a second K.S.A. 60-1507 motion, Peterson suggests on appeal that we apply the legal standards for both K.S.A. 60-1507 motions and postsentence motions to withdraw pleas. Regardless, under either legal standard, we find the ultimate result to be the same.

When a district court summarily dismisses a K.S.A. 60-1507 motion, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant has no right to relief. We are to conduct this review independently and do not defer to the district court's decision. See *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). Similarly, when a district court summarily denies a motion to withdraw a plea without an evidentiary hearing, our review

5

is unlimited because we have the same access to the motions, records, and files as the district court. See *State v. Wilson*, 308 Kan. 516, 520, 421 P.3d 742 (2018).

A movant who fails to show manifest injustice is procedurally barred from pursuing a K.S.A. 60-1507 motion once the deadline for filing has expired. Furthermore, although excusable neglect for the belated filing of a motion to withdraw plea must be determined on a case-by-case basis, the burden under K.S.A. 2020 Supp. 22-3210(e)(2) is on the movant to show that such neglect exists. *State v. Fox*, 310 Kan. 939, 940, 453 P.3d 329 (2019); see *State v. Hill*, 311 Kan. 872, 877-78, 467 P.3d 473 (2020). Where a defendant makes no attempt at an affirmative showing of excusable neglect, an appellate court will find the motion to withdraw plea is untimely and procedurally barred. See *State v. Parks*, 308 Kan. 39, 44, 417 P.3d 1070 (2018).

Here, it is undisputed that Peterson's current motion is untimely on its face. Nevertheless, the one-year time limitation for bringing a K.S.A. 60-1507 motion may be extended to prevent a manifest injustice. K.S.A. 2020 Supp. 60-1507(f)(2). Likewise, Peterson points out that the one-year time limitation for filing a motion to withdraw plea may be extended upon an "affirmative showing of excusable neglect by the defendant." K.S.A. 2020 Supp. 22-3210(e)(2). Thus, we look to the record on appeal to determine whether Peterson has shown either manifest injustice or excusable neglect to justify his belated filing.

Based on our review of the record, we find that Peterson has failed to show either manifest injustice or excusable neglect. Even though Peterson now asserts that he is entitled to proceed with his current motion because of the uncertainty regarding the resolution of one or more of his prior motions, we do not find this argument to be persuasive. Peterson has not asserted anything that would rise to the level of manifest injustice for his belated filing. Furthermore, although he now suggests that his trial counsel should have raised certain defenses that may have "mitigated" his sentence, he

6

does not show why he waited so long to raise these arguments nor does he allege actual innocence. See K.S.A. 2020 Supp. 60-1507(f)(2)(A).

Likewise, we do not find that Peterson has shown excusable neglect for his failure to file his current motion sooner. In particular, Peterson provides no explanation why he waited so long after our Supreme Court refused to reinstate his previous appeal. As the record reflects, although our Supreme Court denied reinstatement of Peterson's previous appeal on April 10, 2012, his current motion was not filed until December 15, 2016. Similarly, although a panel of this court remanded a K.S.A. 60-1507 motion to the district court in 2012, Peterson has failed to show what—if anything—he did to pursue that motion before the district court.

Peterson has the burden to provide an explanation for his delay in the filing of his current motion that is sufficient to either manifest injustice or establish excusable neglect. See *State v. Kingsley*, 299 Kan. 896, 900, 326 P.3d 1083 (2014). Here, he has done neither. In other words, Peterson has not shown any factual or legal basis to support an extension of the one-year limitation. See *Parks*, 308 Kan. at 44. Accordingly, we find that the district court appropriately dismissed Peterson's current motion as untimely.

Furthermore, we agree with the district court's conclusion that Peterson's current motion is "successive" in addition to being untimely. Under K.S.A. 2020 Supp. 60-1507(c), district courts need not consider more than one habeas motion seeking similar relief. Because a movant is presumed to have listed all grounds for relief in his or her initial K.S.A. 60-1507 motion, "exceptional circumstances" must be shown to justify the filing of successive motions. *Littlejohn v. State*, 310 Kan. 439, 446, 447 P.3d 375 (2019); see *Trotter*, 296 Kan. 898, Syl. ¶ 2, 295 P.3d 1039 (2013). Exceptional circumstances include "unusual events or intervening changes in the law which prevent a movant from reasonably being able to raise all of the trial errors in the first postconviction proceeding." *State v. Kelly*, 291 Kan. 868, Syl. ¶ 2, 248 P.3d 1282 (2011).

7

The purpose of the exceptional circumstances requirement is to allow movants to explain why they did not raise an issue during their first postconviction proceeding. See *Trotter*, 296 Kan. 898, Syl. ¶ 2. Here, Peterson does not offer such an explanation. He also does not point to any changes in the law or unusual circumstances that might validate his filing of successive K.S.A. 60-1507 motions. To the contrary, in his motion, Peterson boldly admits that the issues raised in his current motion "mimic previous motions and or petitions filed in this court." Indeed, a review of the record confirms that since his 2007 conviction, Peterson has repeatedly argued that his trial counsel was ineffective.

Significantly, the district court granted Peterson an evidentiary hearing in 2010 on the claim that his trial counsel was ineffective. As discussed above, Peterson took advantage of this opportunity to testify on his own behalf regarding the ways in which he believed his trial attorney was ineffective. In response, the State called Peterson's attorney—who has significant experience in criminal law—to testify. In doing so, she testified regarding her strategic decisions in defending Peterson as well as her consultation with him regarding the consequences of entering the plea and his potential sentence. She also testified that she discussed with Peterson the length of time before he would be eligible for parole.

After hearing the testimony, the district court found the testimony of Peterson's trial counsel to be credible. As a result, the district court concluded that Peterson had failed to establish ineffective assistance of counsel. Again, it is important to recognize that the appeal following this ruling was subsequently dismissed and Peterson's motions to reinstate the appeal were denied by both the district court and the Kansas Supreme Court. Consequently, the district court's decision became binding on Peterson and we find no justification for him to relitigate his claim of ineffective assistance of trial counsel.

In conclusion, based on our review of the record on appeal, we find that the district court did not err in dismissing Peterson's most recent postconviction motion and we affirm the district court's decision.

Affirmed.