NOT DESIGNATED FOR PUBLICATION

No. 123,741

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

QUINTIN WILLIAM GABLE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed February 18, 2022. Affirmed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before WARNER, P.J., CLINE, J., and RACHEL L. PICKERING, District Judge, assigned.

PER CURIAM: Quintin Gable appeals the summary denial of his motion to withdraw his plea. But Gable did not file that motion within the time frame required by Kansas law, nor does he provide any explanation to excuse this delay. We therefore affirm the district court's decision.

The State originally charged Gable with attempted first-degree murder. Eventually, Gable and the State entered into a plea agreement, where Gable pleaded guilty to an amended charge of aggravated battery. The district court imposed a 172-

month prison sentence for his conviction. After an unsuccessful appeal to this court and the denial of his petition for review by the Kansas Supreme Court, the appellate mandate was issued in November 2018.

More than a year later, in June 2020, Gable filed a pro se motion to withdraw his guilty plea. In his motion, he asserted that if he had known the implications of pleading guilty to aggravated battery, he would not have entered into the plea agreement. He provided no explanation, however, for why that motion was not filed within one year of the appellate mandate, as required by K.S.A. 2020 Supp. 22-3210(e)(1). The district court found that Gable's assertions were vague and conclusory and that the motion was untimely. The court therefore determined that no hearing was necessary and summarily denied the motion. Gable appeals.

A court may summarily deny a motion to withdraw a plea only when no substantial legal or triable factual questions exist, so that the record conclusively shows the defendant is not entitled to relief. *State v. Kelly*, 298 Kan. 965, Syl. ¶ 2, 318 P.3d 987 (2014). The defendant bears the burden of asserting sufficient facts to warrant a hearing on his claims. 298 Kan. 965, Syl. ¶ 2. Appellate courts review the summary denial of a plea-withdrawal motion de novo, as we are in the same position to evaluate the written motion as the district court. 298 Kan. 965, Syl. ¶ 3.

A postsentence motion to withdraw a plea must be brought within one year after the final judgment in a criminal case. K.S.A. 2020 Supp. 22-3210(e)(1). For this case, that means Gable had to file his motion within a year after appellate jurisdiction over his direct appeal ended. A court may extend this time limit only if the defendant makes "an additional, affirmative showing of excusable neglect" to explain the reasons for the delay in seeking relief. K.S.A. 2020 Supp. 22-3210(e)(2). Excusable neglect requires more than simple unintentional neglect, carelessness, or ignorance of the law. *State v. Gonzalez*, 56 Kan. App. 2d 1225, Syl. ¶ 2, 444 P.3d 362 (2019).

Because Gable filed his motion more than a year after his direct appeal ended, he had to provide a meaningful explanation for his delay—that is, to establish excusable neglect—before the district court could consider the merits of his claims. But his motion did not address the delay; he only discussed the merits of the claims themselves.

On appeal, Gable argues the district court erred by summarily dismissing his motion. He asserts that the record does not conclusively show that he is not entitled to relief, so the court should have held an evidentiary hearing on the merits of his claim. He further argues that if the court would have held a hearing, he would have had the opportunity to provide his reasons for the delay in filing his motion. Yet he does not—even now—provide any explanation for that delay, let alone a reason that would qualify as excusable neglect.

Kansas law is clear that a defendant who files an untimely motion to withdraw a plea must establish excusable neglect *before* a court may proceed to the merits of the motion. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021). Gable has not made that showing. See *State v. Hill*, 311 Kan. 872, 878, 467 P.3d 473 (2020) (before court addresses excusable neglect, defendant must make some effort to demonstrate neglect exists). Because Gable has not asserted facts that would excuse his untimely filing, the district court had no obligation to hold a hearing to allow him to cure that omission. See *State v. Louis*, 59 Kan. App. 2d 14, 20, 476 P.3d 837 (2020), *rev. denied* 314 Kan. 1044 (2021).

Gable has not shown excusable neglect to explain his untimely filing. Thus, the district court did not err when it summarily denied his plea-withdrawal motion.

Affirmed.