NOT DESIGNATED FOR PUBLICATION

No. 127,121

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RONALD JOHNSON,
*Appellant*,

v.

JEFF ZMUDA, SECRETARY OF KANSAS DEPARTMENT OF CORRECTIONS, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge pro tem. Submitted without oral argument. Opinion filed May 23, 2025. Affirmed.

*Wendie C. Miller*, of Kechi, for appellant.

*Jon D. Graves*, legal counsel, Kansas Department of Corrections, for appellees.

Before HURST, P.J., ISHERWOOD and PICKERING, JJ.

PER CURIAM: Ronald Johnson, an inmate at El Dorado Correctional Facility in Butler County, filed a habeas corpus petition in his county of confinement alleging his due process rights were being violated by his continued confinement without a resentencing hearing under K.S.A. 21-6628(c) because his hard 50 sentence is unconstitutional. The Butler District Court summarily dismissed the petition upon finding Johnson was not entitled to relief and that his motion was successive.

On appeal, Johnson argues the district court erred in summarily dismissing his petition. However, this court's de novo review of the motion, files, and records of the case

1

conclusively establish that Johnson is not entitled to relief. The district court's summary dismissal of Johnson's petition is therefore affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

In 2003, the Wyandotte District Court sentenced Johnson to a term of life in prison without the possibility of parole for 50 years (hard 50) for his conviction of first-degree murder. Johnson pursued a direct appeal, and our Supreme Court affirmed his conviction and sentence. See *State v. Johnson*, 284 Kan. 18, 159 P.3d 161 (2007). In a more recent decision, the Kansas Supreme Court summarized Johnson's history with the Kansas courts:

> "A jury convicted Johnson of first-degree premeditated murder for a murder committed in 2001. The district court judge, without jury findings, imposed a hard 50 life sentence after concluding any mitigating circumstances did not outweigh aggravating circumstances. Johnson appealed and challenged his sentence as unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). This court rejected his *Apprendi* argument and affirmed Johnson's conviction and sentence on direct appeal. *State v. Johnson*, 284 Kan. 18, 22-23, 159 P.3d 161 (2007).

> "Johnson later filed several motions for habeas relief under K.S.A. 60-1507. None led to any relief. See *Johnson v. State*, No. 117,323, 2017 WL 3824255 (Kan. App. 2017) (unpublished opinion); *Johnson v. State*, No. 108,309, 2013 WL 5303530 (Kan. App. 2013) (unpublished opinion); *Johnson v. State*, No. 102,952, 2011 WL 867686 (Kan. App. 2011) (unpublished opinion)." *State v. Johnson*, 313 Kan. 339, 339-40, 486 P.3d 544 (2021).

Relevant to this appeal, on February 17, 2023, Johnson filed a grievance with the Kansas Department of Corrections (KDOC), alleging he was being unlawfully detained in violation of his due process rights. The warden denied Johnson's grievance on March

31, 2023, and Johnson appealed the warden's decision to the Secretary of Corrections, who upheld the decision.

Johnson then petitioned for habeas relief in the Butler District Court on May 25, 2023. In his petition, Johnson invoked 42 U.S.C. § 1983 "to the extent such Declaratory Resolutions or Habeas Corpus is inadequate or ineffective to test the legality of [his] detention and or the unconstitutional sentencing scheme." He also asserted he was being unlawfully confined by the KDOC in violation of his rights under the Kansas and United States Constitutions.

The Butler District Court issued an order summarily dismissing Johnson's petition, concluding he failed to state a claim for relief under K.S.A. 60-1501 and that his petition was successive. The district court reasoned that Johnson was essentially asking to be resentenced by the Wyandotte District Court and demanding that it ignore a Kansas Supreme Court decision directly on point. See *Johnson*, 313 Kan. 339.

Johnson now appeals the district court's summary dismissal of his petition for a writ of habeas corpus under K.S.A. 60-1501, arguing he set forth a successful 60-1501 challenge that has not been previously decided.

ANALYSIS

Actions under K.S.A. 60-1507 and 60-1501 are both civil habeas petitions through which a currently incarcerated person may seek review, but they serve different purposes. Generally, a 60-1507 petition permits a prisoner to challenge their conviction or sentence, and a 60-1501 petition permits a prisoner to "'challenge the mode or conditions'" of their confinement. *Denney v. Norwood*, 315 Kan. 163, 172-73, 505 P.3d 730 (2022) (quoting *Safarik v. Bruce*, 20 Kan. App. 2d 61, 66-67, 883 P.2d 1211 [1994]). Pursuant to K.S.A. 60-1501, "any person who is 'detained, confined or restrained of liberty on any pretense

3

whatsoever' may petition for a writ of habeas corpus in the district court of the county where the person is constrained." *Denney*, 315 Kan. at 173 (quoting K.S.A. 2020 Supp. 60-1501[a]). After receiving a 60-1501 petition, the district court must accept the well-pled facts as true and assess whether a writ of habeas corpus should be issued. "If it plainly appears from the face of the petition and any exhibits attached thereto that the plaintiff is not entitled to relief in the district court, the petition shall be dissolved." See K.S.A. 60-1503(a). When, as here, the district court summarily dismisses a 60-1501 petition after finding the motion, files, and records demonstrate the petitioner is not entitled to relief, this court reviews the summary dismissal de novo. *Denney*, 315 Kan. at 176.

Johnson asserts his confinement violates his due process rights because the court has refused to reassess his sentence under K.S.A. 21-6628(c) and is adamant that his challenge is intentionally and properly brought as a 60-1501 petition. In his reply brief—responding to the State's argument that Johnson's petition should have been considered a 60-1507 motion—Johnson argues his petition alleges that "his ongoing detention violates due process" because "he has a liberty interest in being brought before the court to have his sentence modified, and that his ongoing incarceration without being afforded the relief that the legislature provided for by statute, has resulted in a violation of his constitutional rights." Johnson asserts that his challenge is properly brought under K.S.A. 60-1501(b) as a challenge to the conditions of his confinement and is not a collateral attack on his sentence.

While courts should liberally construe pro se pleadings to give effect to the petition's content rather than the label and forms used, that does not mean this court should force a construction not intended—let alone explicitly disclaimed—by the petitioner. See *State v. Hill*, 311 Kan. 872, Syl. ¶ 3, 467 P.3d 473 (2020). Unlike a pro se litigant who clearly seeks particular relief but misidentifies or mislabels their pleadings, Johnson clearly seeks review pursuant to K.S.A. 60-1501. On appeal, he explains why his

petition should not be considered a 60-1507 petition and asserts his requested relief is purposely and properly considered under K.S.A. 60-1501. Johnson argues "he is being detained, confined, or restrained of liberty in Butler County" and does not seek to collaterally attack his sentence under K.S.A. 60-1507. Unlike cases where the district court wrongly dismisses a 60-1507 petition filed in the wrong county rather than transferring to the proper venue, Johnson makes a 60-1501 claim related to allegations of his confinement in Butler County, and the district court decided the merits rather than dismissing for lack of jurisdiction. See, e.g., *Reynolds v. Geither*, No. 126,726, 2024 WL 3084514 (Kan. App. 2024) (unpublished opinion); *Stringer v. State*, No. 125,265, 2023 WL 4983128 (Kan. App. 2023) (unpublished opinion) (both cases the district court dismissed for lack of jurisdiction).

Johnson received a hard 50 life sentence from the Wyandotte District Court in part related to an enhancement in K.S.A. 2001 Supp. 21-4635, which provided for a mandatory term of imprisonment of 50 years. The Kansas Supreme Court later found K.S.A. 21-4635 unconstitutional as a violation of the Sixth Amendment. *State v. Soto*, 299 Kan. 102, 124, 322 P.3d 334 (2014). Johnson argues the holding in *Soto* requires him to be resentenced under K.S.A. 21-6628(c) and, as a result, his current confinement in Butler County violates his due process rights.

To avoid summary dismissal of a 60-1501 petition and thus state a claim for relief warranting further proceedings, the petitioner must allege "'shocking and intolerable conduct or continuing mistreatment of a constitutional stature.' [Citation omitted.]" *Denney*, 315 Kan. at 173. Even assuming Johnson's somewhat circular argument that his continued confinement without a resentencing hearing asserts a claim related to the mode or conditions of his confinement under K.S.A. 60-1501, he fails to show shocking or intolerable conduct or mistreatment warranting relief. Johnson claims

"he has not been afforded access to the courts pursuant to a sentencing provision (K.S.A. 21-4639) mandating that the district court modify his sentence . . . and because the Kansas Department of Corrections continues to hold him in custody without access to the court to obtain the statutory relief provided for by the legislature has resulted in a violation of his due process rights and his rights under the Eight Amendment of the U.S. Constitution."

But Johnson provides no allegations of shocking or intolerable conduct by the Butler District Court or the KDOC to prevent his access to justice. In fact, Johnson has had ample access to the courts—including in this very case. See *Johnson*, 313 Kan. 339; *Johnson*, No. 117,323, 2017 WL 3824255 (Kan. App. 2017) (unpublished opinion); *Johnson*, No. 108,309, 2013 WL 5303530 (Kan. App. 2013) (unpublished opinion); *Johnson*, No. 102,952, 2011 WL 867686 (Kan. App. 2011) (unpublished opinion).

Rather than alleging shocking conduct related to his detainment, Johnson argues more about the legal merits of his claim for resentencing—but such a claim is unavailing under K.S.A. 60-1501. See *Denney*, 315 Kan. at 172. On appeal, Johnson explains that the Butler District Court and the KDOC deprived him of life, liberty, or property without due process of law—but Johnson claims substantive legal error not lack of due process. In a due process claim, "'[t]he threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Johnson v. State*, 289 Kan. 642, 652, 215 P.3d 575 (2009) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 [1998]). Johnson makes no such allegations. There is no allegation that the Butler District Court or the KDOC refused him access to the courts, imposed unreasonable hurdles on his access, prohibited him from properly seeking resentencing, or engaged in some sort of shenanigans to deny him resentencing. Johnson merely alleges the Butler District Court has erred by continuing to incarcerate him without a resentencing hearing—which would presumably occur in Wyandotte County where he was originally sentenced. On appeal, Johnson argues the Butler District Court erred in its

legal analysis in determining he was not entitled to such a resentencing hearing. Johnson's arguments on this issue amount to direct criticism of the Kansas Supreme Court's decision in his 2021 appeal. See *Johnson*, 313 Kan. 339. Once again, those allegations fail to show shocking conduct in violation of his due process rights.

CONCLUSION

The district court summarily dismissed Johnson's 60-1501 motion on the grounds that it failed to assert a claim warranting relief and that it was successive. This court agrees that Johnson is not entitled to relief on his 60-1501 claim, although for slightly different reasons. Johnson fails to assert shocking or intolerable conduct or conditions of confinement that violate his due process rights. When the district court correctly decides a case, this court may affirm even if for different reasons. See *In re Marriage of Bradley*, 282 Kan. 1, 7-8, 137 P.3d 1030 (2006) (affirming district court "[a]lthough based on different reasoning"); *Rose v. Via Christi Health System, Inc.*, 279 Kan. 523, 525, 113 P.3d 241 (2005) ("The reason given by the trial court for its ruling is immaterial if the result is correct.").

Affirmed.

\* \* \*

PICKERING, J., dissenting: I respectfully dissent. I would construe Ronald's petition as a K.S.A. 60-1507 motion. (To avoid confusion with another similarly-named case, I will refer to the petitioner as Ronald.) Rather than dismissing Ronald's claims, I would hold that the Butler County District Court, which sits in the county of Ronald's confinement, should have transferred his case to Wyandotte County, the county of Ronald's sentencing court. I would therefore reverse the summary dismissal and remand with instructions for the district court to transfer the case to Wyandotte County.

7

*Ronald's Habeas Petition Should Have Been Construed as a K.S.A. 60-1507 Motion*

On appeal, Ronald argues that he has raised a proper K.S.A. 60-1501 petition asserting the denial of due process. He alleges that his ongoing detention without modification of his sentence pursuant to K.S.A. 21-6628(c) denies him his due process rights. In contrast, the State argues Ronald's petition is more properly classified as a K.S.A. 60-1507 motion as Ronald's petition is an attack on his sentence. Citing *State v. Kingsley*, 299 Kan. 896, Syl. ¶ 1, 326 P.3d 1083 (2014), the State contends K.S.A. 60-1507 is the only way to collaterally attack an inmate's conviction or sentence.

Although K.S.A. 60-1501 petitions and K.S.A. 60-1507 motions both start civil habeas corpus proceedings, they serve different purposes. A K.S.A. 60-1501 petition is "'a procedural means through which a prisoner may challenge the mode or conditions of his or her confinement, including administrative actions of the penal institution,'" whereas a K.S.A. 60-1507 motion is "a procedure by which a prisoner may challenge his or her conviction or sentence." *Denney v. Norwood*, 315 Kan. 163, 172, 505 P.3d 730 (2022).

Essentially, the type of relief a petitioner seeks will determine whether the petition is filed under K.S.A. 60-1501 or K.S.A. 60-1507. Given this, courts should consider the relief requested in the habeas petition to determine whether the petition should be construed under K.S.A. 60-1501 or K.S.A. 60-1507.

In this case, Ronald's pro se habeas petition is essentially a collateral attack on his sentence. He challenged the jurisdiction of the Wyandotte County District Court to convict and sentence him. Ronald also attacked his sentence, arguing that it was unconstitutional, illegal, and was imposed by a court without jurisdiction. He states that he is "being held hostage" by the correctional facility and contends he should be released from the facility. As the majority notes, Ronald argued "his confinement violates his due

process rights because the court has refused to reassess his sentence under K.S.A. 21-6628(c)[.]" Slip op. at 4.

Ronald's claim that he is wrongly being confined is not properly included in a petition filed under K.S.A. 60-1501. For instance, he did not challenge the conditions of his confinement. See *Denney*, 315 Kan. at 172. Despite Ronald's insistence that his petition should be considered under K.S.A. 60-1501, the relief Ronald seeks is clearly a modification of his sentence. Hence, the true target of his petition was the validity of his sentence, which would be characteristic of a K.S.A. 60-1507 motion.

Similarly, a movant seeking relief under K.S.A. 60-1507 also claims the right to be released from prison. The Kansas Supreme Court has recognized: "[T]he very nature of a 60-1507 motion involves the movant's liberty interest, to-wit: '*A prisoner in custody* under sentence of a court of general jurisdiction claiming the right to be released.'" (Emphasis added.) *Stewart v. State*, 310 Kan. 39, 44, 444 P.3d 955 (2019).

Here, even though Ronald, a pro se movant, cited K.S.A. 60-1501 in his petition, the district court should have interpreted Johnson's motion as a motion for relief under K.S.A. 60-1507. See *State v. Hill*, 311 Kan. 872, Syl. ¶ 3, 467 P.3d 473 (2020) ("Pro se pleadings are liberally construed to give effect to the pleading's content rather than the label and forms used."); see also *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010) ("A defendant's failure to cite the correct statutory grounds for his or her claim is immaterial.").

*The District Court Should Have Transferred the Petition to Wyandotte County*

Like K.S.A. 2024 Supp. 60-1501(a), K.S.A. 2024 Supp. 60-1507(e) contains language limiting where a motion may be filed:

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, *shall not be entertained if it appears that the applicant has failed to apply for relief*, by motion*, to the court which sentenced said applicant*, or that such court has denied said applicant relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of said applicant's detention." (Emphases added.)

In *Johnson v. Zmuda*, 59 Kan. App. 2d 360, 481 P.3d 180 (2021), another panel of this court addressed a K.S.A. 60-1501 petition that Rheuben Johnson filed in the wrong county. The panel noted K.S.A. 60-1501(a) provided three options for filing a petition: "in the Kansas Supreme Court, in the Kansas Court of Appeals, or in 'the district court of the county in which [the petitioner's] restraint is taking place.'" *Johnson*, 59 Kan. App. 2d at 363. The statute "codified the longstanding rule, in place before K.S.A. 60-1501 was enacted, that 'a court has no authority to issue a writ of habeas corpus directed to a person detained outside its territorial jurisdiction.'" *Johnson*, 59 Kan. App. 2d at 363.

The *Johnson* panel determined that the district court correctly found that Johnson had not filed his petition in the proper venue—he filed in Shawnee County instead of his county of confinement, Reno County. That said, the panel questioned whether the district court abused its discretion by dismissing Johnson's petition rather than transferring the case to Reno County. The panel noted that, "in more recent cases, most of our decisions have found that the proper course is to transfer the case to the appropriate district court so the case may be heard." 59 Kan. App. 2d at 364. It continued: "One reason favoring transfer over dismissal is the growing recognition that this is not a question of subject-matter jurisdiction—that is, whether Kansas district courts have authority to hear K.S.A. 60-1501 petitions—but rather one of *venue*." *Johnson*, 59 Kan. App. 2d at 365.

The *Johnson* panel's decision requiring transfer to the appropriate venue had practical purposes because K.S.A. 60-1501 petitions "must be filed within 30 days of [petitioners] exhausting the administrative process . . . ; it makes sense that a timely

10

petition filed in the wrong court should be transferred to an appropriate venue instead of injecting confusion as to whether a new action would comply with the statute." *Johnson*, 59 Kan. App. 2d at 366; see K.S.A. 2024 Supp. 60-1501(b). Ultimately, the *Johnson* panel concluded: "[T]he district court erred when it dismissed Johnson's case instead of transferring it to Reno County." 59 Kan. App. 2d at 366.

Although *Johnson* dealt with a properly classified K.S.A. 60-1501 petition filed in the wrong venue, *Reynolds v. Geither*, No. 126,726, 2024 WL 3084514 (Kan. App. 2024) (unpublished opinion) is directly on point. There, an inmate in Leavenworth County filed a K.S.A. 60-1501 petition, which raised issues within the purview of the inmate's sentencing court in Wyandotte County. The district court properly construed the petition as a K.S.A. 60-1507 motion but found the petition should have been filed in Wyandotte County and dismissed the case for lack of jurisdiction. The *Reynolds* panel reversed the summary dismissal and remanded for the district court to transfer the case to Wyandotte County. 2024 WL 3084514, at *3.

Other panels of this court have reversed the summary dismissal of a habeas corpus case and remanded with directions to transfer to the appropriate court. See *White v. State*, No. 121,755, 2020 WL 2602031, at *2 (Kan. App. 2020) (unpublished opinion) (finding district court properly construed K.S.A. 60-1501 petition as K.S.A. 60-1507 motion but should have transferred case to proper court to comply with K.S.A. 60-611 rather than dismissing petition because "transfer serves the interests of administrative and judicial economy"); *Johnson v. Pryor*, No. 116,126, 2017 WL 2403358, at *3 (Kan. App. 2017) (unpublished opinion) (finding K.S.A. 60-1501 petition should have been construed as K.S.A. 60-1507 motion and should have been transferred to proper court rather than dismiss petition); *Miller v. State*, No. 114,557, 2016 WL 7032240, at *3, 8 (Kan. App. 2016) (unpublished opinion) (finding K.S.A. 60-1507 motion should have been construed as K.S.A. 60-1501 petition and district court should have transferred action to proper county under K.S.A. 60-611); *Yancey v. State*, No. 111,003, 2015 WL 770204, at *4 (Kan.

App. 2015) (unpublished opinion) (finding district court properly construed K.S.A. 60-1507 motion as K.S.A. 60-1501 petition but should have transferred case to proper county instead of dismissing motion).

I believe the *Johnson* panel's rationale applies equally here. Since Ronald filed his petition in his county of confinement and not in Wyandotte County—the county where he was sentenced—his petition was filed in the wrong county. Thus, the district court had no authority to entertain Ronald's petition. See K.S.A. 60-1507(e). Under K.S.A. 60-611, when a case is commenced in the wrong venue, "the action shall be transferred to a court of proper jurisdiction of any county of proper venue." The district court should have transferred the case to Wyandotte County under K.S.A. 60-611, as Wyandotte County is the proper venue for Ronald's claims.

To conclude, I would hold that Butler County District Court lacks authority to entertain Ronald's K.S.A. 60-1501 petition as it should have construed the petition as a K.S.A. 60-1507 motion. I therefore would reverse the summary dismissal of Ronald's petition and remand for the Butler County District Court to transfer the case to the Wyandotte County District Court.